IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | ) | CIVIL ACTION NO. 3:06CV0680 JUDGE KATZ |
| v. | ) | **COMPLAINT AND JURY TRIAL DEMAND** |
| DELPHI CORPORATION, Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female and to make whole Amy McCullough and similarly situated employees who were adversely affected by Defendant's unlawful practices.

As alleged with greater particularity in paragraph 7 below, the Commission alleges that beginning in June of 2004, Defendant subjected its employee, Amy McCullough, to a pattern of severe and pervasive sexual harassment resulting in the creation of a sexually hostile work environment for Ms. McCullough and similarly

situated females. As a result of the discrimination, Ms. McCullough suffered emotional distress.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within The jurisdiction of the United States District Court for the Northern District of Ohio, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Delphi Corporation ("Employer") has continuously been a corporation doing business in the State of Ohio and the City of Sandusky and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to institution of this lawsuit, Amy M. McCullough filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this suit have been fulfilled.

7. Beginning during the month of June of 2004, Defendant Employer engaged in unlawful employment practices in its Sandusky, Ohio location, by subjecting Amy McCollough to a sexually hostile work environment based on her sex, in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2. These unlawful practices include, but are not limited to the following:

a) Amy M. McCullough has been employed at Defendant's plant since November of 1999. In June of 2004, shortly after she came under the supervision of Greg McKown, she was subjected to a pattern of severe and pervasive sexual harassment perpetrated by McKown.

b) The sexual harassment perpetrated by McKown against Ms. McCullough consisted of constant inappropriate remarks and touching.

c) Ms. McCullogh made it clear from the beginning of the harassment that it was unwelcome and she objected to the behavior.

d) Ms. McCullough complained about the inappropriate conduct not only to McKown, she also complained to his supervisor and other management personnel at Defendant.

e) Despite her complaints, Defendant Employer failed to stop the harassment and allowed a workplace permeated with severe and pervasive harassment based on sex, female;

f) Defendant Employer subjected Amy M. McCullough and similarly situated female employees to a pattern of severe and pervasive sexual harassment during her/their employment;

g) Defendant Employer failed to exercise reasonable care to prevent and eradicate the sexual harassment;

h) Defendant's conduct caused Amy M. McCullough emotional suffering and anxiety which required medical attention.

8. The effect of the practices complained of deprived Amy M. McCullough of equal employment opportunities and adversely affected her status as an employee due to impermissible considerations of sex.

9. The unlawful practices complained of above were intentional.

10. The unlawful employment practices complained of above were undertaken with malice and/or reckless indifference to the federally protected rights of Amy M. McCullough.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against individuals by the implementation of practices and policies which prevent discrimination on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for persons regardless of sex and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Amy M. McCullough by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Amy M. McCullough by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, back pay and front pay in amounts to be proven at trial.

E. Order Defendant Employer to make whole Amy M. McCullough by providing compensation for past and future pecuniary losses, in amounts to be proven at trial.

F. Order Defendant Employer to make whole Amy M. McCullough by providing compensation for past and future non-pecuniary losses in amounts to be proven at trial.

G. Grant an order assessing punitive damages against Defendant Employer for its malicious and reckless conduct described herein above in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
1801 L. Street, N.W.
Washington, D.C. 20507

Jacqueline McNair
Regional Attorney

C. Larry Watson
Associate Regional Attorney
Registration No. 0031443
larry.watson@eeoc.gov

Donna Williams-Alexander
Trial Attorney
Registration No. 0037838
donna.williams-alexander@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Cleveland Field Office
Anthony J. Celebrezze Federal Office Building
1240 East Ninth Street - Suite 3001
Cleveland, Ohio 44199
(216) 522-7454
(216) 522-7430 fax
donna.williams-alexander@eeoc.gov